***CORRECTED COPY - DESTROY ALL OTHERS***

# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 38771 (rem)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Cory D. PHILLIPS**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

On Remand from
the United States Court of Appeals for the Armed Forces

Decided 6 February 2018

———————————

*Military Judge:* Shelly W. Schools.

*Approved sentence:* Bad-conduct discharge, confinement for 1 year, and reduction to the grade of E-1. Sentence adjudged 6 November 2014 by GCM convened at Peterson Air Force Base, Colorado.

*For Appellant:* Major Annie W. Morgan, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Lieutenant Colonel Roberto Ramírez, USAF; Major Jeremy D. Gehman, USAF; Major Amanda L.K. Linares, USAF; Major Mary Ellen Payne, USAF; Major J. Ronald Steelman III, USAF; Captain Sean J. Sullivan, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, HARDING, and HUYGEN, *Appellate Military Judges.*

Chief Judge MAYBERRY delivered the opinion of the court, in which Senior Judge HARDING and Judge HUYGEN joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

MAYBERRY, Chief Judge:

Contrary to his pleas, Appellant was convicted by a military judge sitting alone of aggravated sexual assault against Senior Airman (SrA) LS in 2012 and abusive sexual contact against Airman First Class (A1C) KW in 2013, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920.[1] The aggravated sexual assault conviction was based on the version of Article 120, UCMJ, in effect in 2007. 10 U.S.C. § 920(c) (2006) (amended by National Defense Authorization Act for Fiscal Year 2006, Pub. L. No. 109–163, sec. 552, § 920(c), 119 Stat. 3136, 3257 (2006)). Appellant was sentenced to a bad-conduct discharge, confinement for one year, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

In Appellant's initial appeal to this court, Appellant asserted (1) the conviction for both specifications was legally and factually insufficient, and (2) the military judge erred when she considered charged offenses as propensity evidence in light of *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016).[2] Additionally, we specified two issues regarding post-trial processing: the service of victim impact statements on Appellant prior to action, and the absence of a document in the trial defense counsel's clemency submission attached to the addendum to the staff judge advocate's recommendation (SJAR). We also assessed the failure of the addendum to correct an erroneous statement in the defense clemency submission in light of *United States v. Addison*, 75 M.J. 405 (C.A.A.F. 2016) (mem.). Finding no error materially prejudiced a substantial right of Appellant, we affirmed the findings and sentence. *United States v. Phillips*, No. ACM 38771, 2016 CCA LEXIS 532 (A.F. Ct. Crim. App. 7 Sep. 2016) (unpub. op.) (*Phillips I*). The United States Court of Appeals for the Armed Forces (CAAF) granted review[3] and, on further consideration, set

---

[1] Appellant was acquitted of an additional specification of abusive sexual contact involving SrA LS.

[2] The latter issue was raised in a supplemental assignments of error.

[3] The CAAF granted review of the following issues:

> I. WHETHER THE MILITARY JUDGE ABUSED HER DISCRETION BY GRANTING THE GOVERNMENT MOTION TO USE EVIDENCE OF CHARGED SEXUAL MISCONDUCT UNDER MIL. R. EVID. 413 TO SHOW PROPENSITY TO COMMIT OTHER CHARGED SEXUAL MISCONDUCT. See *UNITED STATES v. HILLS, 75 M.J. 350 (C.A.A.F. 2016).*

> II. WHETHER THE LOWER COURT ERRED WHEN IT FAILED TO REMAND APPELLANT'S CASE FOR NEW POST-TRIAL PROCESSING AFTER THE STAFF JUDGE ADVOCATE'S RECOM-

*(Footnote continues on next page)*

aside our prior decision and remanded the case to us for a new review under Article 66, 10 U.S.C. § 866, in light of *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017). *See United States v. Phillips*, 76 M.J. 441 (C.A.A.F. 2017) (mem.) (*Phillips II*).

After reviewing the record, unlike our original opinion, we find error pursuant to *Addison* and order new post-trial processing.

## I. DISCUSSION

The proper completion of post-trial processing is a question of law the court reviews de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). Failure to comment in a timely manner on matters in the SJAR or matters attached to the SJAR waives in the absence of plain error, or forfeits, any later claim of error. R.C.M. 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). Analyzing for plain error, we assess whether "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65). "To meet this burden in the context of a post-trial recommendation error . . . an appellant must make some 'colorable showing of possible prejudice.'" *Id.* at 436–37 (quoting *Kho*, 54 M.J. at 65). "The low threshold for material prejudice with respect to an erroneous post-trial recommendation reflects the convening authority's vast power in granting clemency and is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such broad discretion." *Id.* at 437.

In this case, the SJAR stated that there was no corrective action required in regard to the findings of guilty and recommended that the adjudged sentence be approved.[4]

---

MENDATION (SJAR) FAILED TO CORRECT AN ERROR IN APPELLANT'S CLEMENCY SUBMISSION. See *UNITED STATES v. ADDISON, 75 M.J. 405 (C.A.A.F. 2016)* (rem.).

III. WHETHER APPELLANT'S CONVICTION ON SPECIFICATION 1 OF THE CHARGE IS LEGALLY INSUFFICIENT WHERE THE GOVERNMENT FAILED TO PROVE THAT APPELLANT AND SrA LS ENGAGED IN A SEXUAL ACT.

*United States v. Phillips*, 76 M.J. 57 (C.A.A.F. 2017).

[4] Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 9.16.3 (6 Jun. 2013, as amended by AFGM 2015-01, 30 Jul. 2015), recognized the need to account for the change to Article 60, UCMJ, 10 U.S.C. § 860, but was not published until six months after the SJAR in this case was prepared. It states, *inter alia*, "[I]n addition,

*(Footnote continues on next page)*

Trial defense counsel's clemency submission discussed the change to the convening authority's clemency power under Article 60, UCMJ, 10 U.S.C. § 860. Specifically, trial defense counsel wrote,

> Convening authorities are still able to overturn findings for offenses occurring before 24 June 2014. However, with regard to sentencing, the date of the occurrence is of no consequence. Regardless of when the alleged offense took place, the convening authority is unable . . . to disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than 6 months or a punitive discharge, unless one of two exceptions applies
>
> . . .
>
> As the General Court-Martial Convening Authority (GCMCA), you are able to overturn the findings in this case. However, Section 1702 prevents you from decreasing the adjudged sentence. This is due to the fact that the alleged offenses took place prior to 24 June 2014, SrA Phillips was sentenced to a punitive discharge and 12 months confinement, and there is no exception that would otherwise apply.

Trial defense counsel went on to request clemency only with regard to findings by overturning the verdict.

Trial defense counsel's statement about Article 60, UCMJ, was wrong. Because Appellant's offenses occurred before 24 June 2014, the convening authority maintained the authority to disapprove in whole or in part not only the findings, but also the adjudged sentence, including the bad-conduct discharge and the one-year confinement. In accordance with our superior court's decision in *Addison*, the SJA was obligated to note trial defense counsel's error in the addendum and correct it. *Addison,* 75 M.J. 405. The SJA did not do so. Instead, the addendum merely stated the SJA's earlier recommendation remained unchanged and recommended approving the findings and sentence as adjudged. As in *Addison*, the convening authority in this case was left with uncorrected statements of his clemency authority before taking action. The absence of any request by trial defense counsel for relief as to the adjudged sentence combined with the omission of any guidance by the SJA to the convening authority as to what clemency he could grant constitute a colorable

---

the SJAR should contain a statement informing the convening authority what he/she cannot do under Article 60(c), UCMJ . . . ."

showing of possible prejudice, especially in light of *Addison*, that we now remedy by ordering new post-trial processing. *See United States v. Zegarrundo*, __ M.J. __, No. ACM S32430 (A.F. Ct. Crim. App. 31 Jan. 2018).

## II. CONCLUSION

The action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General for remand to the convening authority for new post-trial processing and conflict-free trial defense counsel consistent with this opinion. Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ.

FOR THE COURT

KATHLEEN M. POTTER
Deputy Clerk of the Court